STATE OF WISCONSIN     CIRCUIT COURT     ST. CROIX COUNTY

GARY S. OLSON,
1025 Hameshire Street
Prescott, Wisconsin 54021,

ROSA OLSON,
1025 Hameshire Street
Prescott, Wisconsin 54021,
        Plaintiff,



Case No: 15CV18
Case Code No: 30101

vs.

STATE FARM FIRE AND CASUALTY COMPANY,
c/o Steve Davis
245 S. Executive Dr., Ste. 200
Brookfield, WI 53005,

JOHN MCHUGH, SECRETARY OF THE
UNITED STATES DEPARTMENT OF THE ARMY
a government entity,
U. S. Army Installation Management Command
Headquarters, United States Army Garrison, Fort McCoy
1644 South 11th Avenue
Fort McCoy, Wisconsin 54656-5125,

        Defendants.

ST. CROIX CO. CASE NO.
ASSIGNED TO E.J. LUNDELL

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a defendant:

You are hereby notified that the plaintiff(s) named above have filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court

EXHIBIT A

may reject or disregard an answer that does not follow the requirement of the statutes. The answer must be sent or delivered to the court, whose address is St. Croix County Courthouse, 1101 Carmichael Road, Hudson, Wisconsin 54016, and to Pitman, Kyle, Sicula & Dentice, S.C., plaintiff's attorneys, whose address is 1110 N. Old World Third Street, Suite 320, Milwaukee, Wisconsin 53203. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED at Milwaukee, Wisconsin this 3rd day of _____, 2014.

PITMAN, KYLE, SICULA & DENTICE, S.C.
Attorneys for Plaintiffs

By: _____
Thomas W. Kyle (SB#: 1027909)

P.O. Address:
1110 N. Old World Third St., Ste. 320
Milwaukee, WI 53203
(414) 212-0000

STATE OF WISCONSIN　　　　CIRCUIT COURT　　　　ST. CROIX COUNTY

GARY S. OLSON,
1025 Hameshire Street
Prescott, Wisconsin 54021,

ROSA OLSON,
1025 Hameshire Street
Prescott, Wisconsin 54021,
　　　　　　　　Plaintiff,

Case No: 15CV18
Case Code No: 30101

vs.

STATE FARM FIRE AND CASUALTY COMPANY,
c/o Steve Davis
246 S. Executive Dr., Ste. 200
Brookfield, WI 53005,

JOHN MCHUGH, SECRETARY OF THE
UNITED STATES DEPARTMENT OF THE ARMY
a government entity,
U. S. Army Installation Management Command
Headquarters, United States Army Garrison, Fort McCoy
1644 South 11th Avenue
Fort McCoy, Wisconsin 54656-5125,

　　　　　　　　Defendants.

ST. CROIX CO. CASE NO.

ASSIGNED TO E.J. LUNDELL

## COMPLAINT

**NOW COME** the above-named Plaintiffs, GARY S. OLSON and ROSA OLSON, by their attorneys, Pitman, Kyle, Sicula & Dentice, S.C., by Attorney Thomas W. Kyle, and allege as follows:

1.　　That the Plaintiff, GARY S. OLSON, (hereinafter "GARY"), is an adult individual residing at 1025 Hameshire Street, in the City of Prescott and County of Pierce, State of Wisconsin, 54021.

1

2. That the Plaintiff, ROSA OLSON, (hereinafter "ROSA"), is an adult individual residing at 1025 Hameshire Street, in the City of Prescott and County of Pierce, State of Wisconsin, 54021, and at all times material herein was, and is, the spouse of GARY.

3. That the Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "STATE FARM"), is a domestic corporation organized and existing under the laws of the State of Wisconsin, with its principle offices located at One State Farm Plaza, Bloomington, Illinois 61710; that the registered agent for Defendant, STATE FARM is Steve Davis, located at 245 S. Executive Dr., Ste. 200, Brookfield, Wisconsin 53005, that Defendant, STATE FARM, was at all times material herein, the uninsured motorist carrier of GARY, pursuant to § 803.04(2), Wis. Stats., and is a proper party Defendant by reason of the terms of its policies, its uninsured motorist coverage and medical payments coverage, and the laws of the State of Wisconsin.

4. That the Defendant, DEPARTMENT OF THE NAVY (herein after "NAVY"), is a government entity, with its principal offices located at 161 Turner Street, Suite B, Pensacola, Florida, and has made payments through its program, TriCare for Life, for medical care provided to GARY. GARY alleges doubt as to whether the Defendant, is truly subrogated or interested in this action, but said Defendant is joined as a party for the purposes of complying with the provisions of the Federal Medical Care Recovery Act. 42 United States Code, Sections 2651-2653 and 10 United States Code 1095.

## FIRST CAUSE OF ACTION

5. Reallege and incorporate herein, as though more fully set forth, all of the allegations contained in paragraphs one (1) through four (4), with the same force and effect.

6. That on or about the April 18, 2010, GARY, was the driver of an automobile traveling westbound on County Highway J, at or near its intersection with Guy Metals Drive, in the Village of Hammond, County of St. Croix, State of Wisconsin, when uninsured motorist, Segundo V. Romero-Tene, was negligently operating his vehicle eastbound on County Highway J, at or near its intersection with Guy Metals Drive, in the Village of Hammond, County of St. Croix, State of Wisconsin, causing it to collide with the automobile driven by GARY.

7. That the negligence of said uninsured motorist was the proximate cause of the accident and the resulting injuries to GARY.

8. GARY has already received payment of the policy limits of $100,000.00 from one of GARY'S STATE FARM policies on or about May 13, 2010.

9. GARY has additional uninsured motorist coverage from additional policies in effect on April 18, 2010 that afford him coverage.

10. That as a direct and proximate cause of the accident and the negligence of the uninsured motorist, GARY, was seriously and permanently injured, suffered great pain of body and mind, was obliged and will continue to be obliged in the future to expend monies for medical care and attention, was prevented from engaging in his normal activities, and further suffered the loss of wages and loss of earning capacity, all to his damage in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION

11. Reallege and incorporate herein, as though more fully set forth, all of the allegations contained in paragraphs one (1) through ten (10) with the same force and effect.

12. On April 18, 2010, GARY, submitted all information necessary for diligent and good faith evaluation of his claim to STATE FARM, providing it written notice of the fact of a covered loss and the amount of that loss

13. GARY sustained serious and permanent injuries in the motor vehicle accident of April 18, 2010, and which injuries resulted in medical bills totaling $149,288.58.

14. That, based upon the injuries sustained by GARY, the amount of the medical bills incurred by him and to be incurred by him in the future, and the loss of earnings and loss of earning capacity to be incurred by him in the future, the claim of GARY, clearly has a value in excess of the available policy limits of $100,000.00.

15. That more than thirty (30) days passed since submission of this claim to STATE FARM, and STATE FARM, did not make diligent evaluation of the claim, nor did it tender any payment to GARY, for his claim or any part thereof.

16. As a result of STATE FARM'S, failure to tender any payment, payment of the claim is overdue pursuant to § 628.46, Wis. Stats.

## THIRD CAUSE OF ACTION

17. Reallege and incorporate herein, as though more fully set forth, all of the allegations contained in paragraphs one (1) through sixteen (16), with the same force and effect.

4

18. STATE FARM owed GARY, as their insured, a fiduciary duty of good faith and fair dealing.

19. STATE FARM has failed to properly investigate GARY'S claim and has failed to make good faith efforts to evaluate and settle his claim, with all of the necessary information and documentation having been provided to STATE FARM, on June 5, 2014.

20. STATE FARM breached its duty of good faith and fair dealing with reckless disregard to the rights of GARY causing him to sustain monetary damages and entitling her to punitive damages.

### FOURTH CAUSE OF ACTION

21. As and for a fourth cause of action, Plaintiffs repeat and reallege all the allegations contained in paragraphs one (1) through nineteen (19) above, as though more fully set forth herein, and further allege as follows:

22. That as a direct and proximate result of the incident alleged above, ROSA was obliged and will continue to be obliged to expend and procure monies for the medical care and attention for GARY, her spouse, and further suffered the loss of society and companionship of GARY, all to her damage in an amount to be determined by the trier of fact.

**WHEREFORE, GARY AND ROSA** demand judgment against the defendants jointly and severally, as follows:

      a. For compensatory damages in a monetary amount to be determined at a trial;
      b. For punitive damages in a monetary amount that is fair and reasonable;
      c. For a declaration that NAVY have no legal right to subrogation or reimbursement;

   d. For dismissal of any and all subrogation or reimbursement claims in this matter;

   e. For all costs, disbursements and actual attorney fees and all interest due and owing pursuant to Sec. 628.46, Wis. Stat.; and

   f. For such other relief that this court may deem just and equitable.

**PLEASE TAKE NOTICE THAT THE PLAINTIFF'S DEMAND THAT A JURY TRY THE ABOVE ENTITLED ACTION.**

Dated at Milwaukee, Wisconsin this 30th day of December, 2014.

PITMAN, KYLE, SICULA & DENTICE, S.C.
Attorneys for the Plaintiffs,

By: _____
Thomas W. Kyle
State Bar No. 1027909

POST OFFICE ADDRESS:
1110 N. Old World Third St., Ste. 320
Milwaukee, WI 53203
(414) 212-0000

6